29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erik C. RISE, Petitioner-Appellant,
v.
Carl ZENON, Respondent-Appellee.
 No. 93-35799.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Erik Rise, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus, challenging the parole board's determination of his initial parole date. Rise pled guilty to murder. He contends that his plea agreement was breached. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review the denial of a petition for habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We affirm.
 
 
 3
 Rise contends that the Oregon Board of Parole ("board") breached the plea agreement by failing to follow the district attorney's recommendation that he serve only ten years, and that the district attorney breached the plea agreement by providing the board with information beyond that contemplated by the agreement. This contention lacks merit.
 
 
 4
 In deciding whether a plea agreement was violated, this court must determine what the parties to the plea bargain reasonably understood to be the terms of the agreement. What the parties agreed to is a factual question to be resolved by the district court. The district court's findings as to the terms of a plea agreement are reviewed for clear error. McKenzie v. Risley, 801 F.2d 1519, 1526 (9th Cir.1986), cert. denied, 488 U.S. 901 (1988).
 
 
 5
 Citing with approval the Oregon Supreme Court's opinion in this case, the district court found that the board did not breach the plea agreement because it was not a party to the plea negotiations. See Rise v. Board of Parole, 745 P.2d 1210, 1213 (Or.1987). The district court did not err in upholding the highest state court's ruling on this issue. See Wainwright v. Goode, 464 U.S. 78, 84 (1983) (the views of the highest state court with respect to state law are binding on federal courts).
 
 
 6
 The district court also found that the terms of the agreement were not breached by the district attorney. As the district court found, the obligations imposed on the State of Oregon as set forth on page two of the agreement are specifically "the only obligations" imposed on the state. The district court further found that the prosecution made no promises relating to additional facts properly considered by the board in classifying Rise's crime. The district court found that Rise's only reasonable enforceable expectation arising from the plea agreement was a sentence range from 10-13 years, and his release date was set within that range. The district court's findings as to the terms of the plea agreement are not clearly erroneous. See McKenzie, 801 F.2d at 1526. Accordingly, the district court did not err by denying Rise's petition for habeas corpus. See id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's motion to strike addendum to appellant's brief is denied